UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MIA FOX, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 20-14843 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff William Penn Life Insurance Company of New York's ("William Penn") Motion for Final Judgment in Interpleader. (ECF No. 25.) Defendants Mia Fox ("Mia"), Melissa Fox ("Melissa") and Ross Fox ("Ross") opposed (ECF Nos. 27, 28), and William Penn replied (ECF Nos. 29, 30). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1.

This matter arises out of competing claims for death benefits from a life insurance policy (the "Policy") issued by William Penn. William Penn filed this action on October 22, 2020, under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. Although William Penn admits its contractual liability under the Policy, the Complaint alleges that William Penn cannot discharge its liability "without exposing itself to multiple litigation, multiple liability, or both." (Compl. ¶ 28, ECF No. 1.) William Penn, therefore, brought this action for interpleader against Mia, Melissa, and Ross "to litigate all matters relevant to the Policy amongst themselves" and sought leave from the Court "to deposit the proceeds of the Policy . . . into the Registry of the Court pending further order by this Court as to whom among the Defendants may be entitled to receive such proceeds." (*Id.* ¶¶ 29-30.) On November 16, 2020, William Penn filed a motion to deposit funds, which the Court granted on December 22, 2020. (ECF Nos. 6, 12.) On February 22, 2021, William Penn

deposited $100,000 into the Court's registry. William Penn then moved for a Final Judgment Order in Interpleader. (ECF No. 25.) Mia, Melissa, and Ross responded. (ECF Nos. 28, 29.) On October 7, 2021, William Penn submitted a certification requesting half of the incurred attorneys' fees, for a total of $8,038.56. (*See* ECF No. 33.)

"The prevailing principle in interpleader actions brought in the federal courts, whether under the interpleader statute or under [Federal Rule of Civil Procedure] 22, is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited fund." *Prudential Ins. Co. of Am. v. Richmond*, No. 06-525, 2007 WL 1959252, at *4 (D.N.J. July 2, 2007) (citation omitted), *aff'd sub nom. Prudential Ins. Co. of Am. v. Pryor*, 336 F. App'x 232 (3d Cir. 2009). "A court has the discretion to award to an interpleader plaintiff attorney[']s fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metro. Life Ins. Co. v. Kubicheck*, 83 F. App'x 425, 431 (3d Cir. 2003) (citation omitted). "Because the stakeholder 'is considered to be helping multiple parties to an efficient resolution of the dispute in a single court,' courts find that the stakeholder attorney's fees are justified." *Banner Life Ins. Co. v. Lukacin*, No. 13-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014) (quoting *Frontier Ins. Co. v. Mission Carrier, Inc.*, No. 91-5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992)).

William Penn originally sought an award of $4,782 (*See* ECF No. 25-4), but upon the Court's request for the billing records, now requests an award of $8,038.56. (*See* Mark R. Kehoe Certification ¶ 27, ECF No. 33.) Here, the Court finds that William Penn is entitled to interpleader relief and an award of attorney's fees is justified. William Penn is a disinterested stakeholder, has conceded liability, deposited the disputed funds with the Court and is now seeking discharge from

liability. William Penn, therefore, meets the four factors discussed above for an award of attorney's fees and costs. Mia and Melissa, however, dispute whether William Penn is entitled to attorney's fees, (*See* Mia and Melissa's Opp'n Br *2, ECF No. 27),[1] and Ross requests that the Court divide the cost of any award proportionately, "based on the parties' relative responsibility for this matter requiring judicial intervention."[2] (Ross's Response to Cert. *1, ECF No. 34). The Court has reviewed the billing records and finds that an award of $4,782, as originally requested by William Penn, is appropriate. Accordingly, for the reasons set forth above, and for other good cause shown,

IT IS, on this 22nd day of November 2021, ORDERED as follows:

1. William Penn's Motion for Final Judgment Order in Interpleader (ECF No. 25) is **GRANTED**.
2. William Penn is awarded $4,782 in attorney's fees, to be deducted from the funds deposited in the Court's registry.
3. The parties are directed to e-file a Consent Order to release funds on deposit with the Court.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Record citation pin-cites with an asterisk indicate the page number in the CM/ECF header.

[2] The Court has considered Ross's request to divide the cost of the attorney's fees proportionately. The Court denies the request and will deduct the attorney's fees from the funds deposited in the Court's registry.